WELLS, Justice.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish the revised model jury charges appended to this opinion.
These revisions of the model charges are necessitated by various revisions to the standard instructions.
We authorize the publication of these revisions. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We are grateful to the Committee for its diligent effort in preparing these model charges.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
Appendix
NOTICE CONCERNING USE OF MODEL CHARGES
The Model Charges on the following pages are provided only as examples of how the instructions are intended to be used. Revisions in the Model Charges often lag some time behind revisions in the substantive charges the use of which is illustrated in the Model Charges. DO NOT, therefore,-rely on the Model Chargés for correct wording when preparing instructions. Always refer to the standard instructions and forms provided in Parts I through VIII.
MODEL JURY CHARGES AND VERDICT FORMS
The following model charges and verdict forms are included to illustrate the use of Florida Standard Jury Instructions. The hypothetical facts upon which each charge is based are set forth before the charge. The numbers of the charges used in the examples are indicated within brackets. In instances in which editorial changes have been made to adapt the standard charges to the circumstances of the hypothetical case, the Committee has italicized the change.
The Committee made arbitrary decisions about various factors involved in each hypothetical case, and the model charges and verdict forms' are not intended to be incorporated entirely into a court’s charge.
MODEL CHARGE NO. 1
(automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault threshold issue)

Facts of the hypothetical case

John Doe was injured when the automobile he was driving collided with one driven by Rachel Rowe. Doe sued Rowe. Rowe pleaded comparative negligence. Questions of negligence, causation, permanency of Doe’s injuries and damages are to be submitted to the jury.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all ex *2 hibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[Conventional Charge on Claim 3.5b] The issues for your determination on the claim of John Doe against Rachel Rowe are whether Rowe was negligent in the operation of the vehicle she was driving; and, if so, [3.6c] whether such negligence was a legal cause of loss, injury or damage sustained by Doe.
[3.7] If the greater weight of the evidence does not support the claim of Doe, then your verdict should be for Rowe.
[3.8] If, however, the greater weight of the evidence does support the claim of Doe, then you shall consider the defense raised by Rowe. On the defense, the issues for your determination are [3.8a] whether Doe was, himself, negligent; and, if so, whether such negligence was a contributing legal cause of the loss, injury or damage complained of.
[3.8 resumed] If the greater weight of the evidence does not support the defense of Rowe, and the greater weight of the evidence does support the claim of Doe, then your verdict should be for Doe in the total amount of his damages. However, if the greater weight of the evidence shows that both Doe and Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by Doe, you should determine and write on the verdict form what percentage of the total negligence of both parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combi *3 nation with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[6.1d] If you find for Rowe, you will not consider the matter of damages. However, if you find for Doe, you shall next determine the issue of permanency, that is, whether Doe sustained an injury as a result of the incident complained of which consists in whole or in part of a permanent injury within a reasonable degree of medical probability.
If the greater weight of the evidence does not support the claim of Doe on the issue of permanency, you should award to Doe an amount of money which the greater weight of the evidence shows will fairly and adequately compensate Doe for damages caused by the incident in question, including any such damage as Doe is reasonably certain to experience or incur in the future. You shall consider the following elements of damage:
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Doe in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.1d resumed] And which have not been paid and are not payable by personal injury protection benefits.
However, if the greater weight of the evidence does support the claim of Doe on the issue of permanency, then you should also consider the following elements:
[6.2a] Any bodily injury sustained by Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past) or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.9a] If the greater weight of the evidence shows that Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Doe may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[6.10] Any amount of damages which you. allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Doe for these losses as they are actually experienced in future years.
[6.1c] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Doe. The court will enter a judgment based on your verdict and, if you find that Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to Doe.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict *4 form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of defendant, Rachel Rowe, which was a legal cause of damage to plaintiff, John Doe?
YES_ NO_
If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Did plaintiff, John Doe, sustain a permanent injury within a reasonable degree of medical probability as a result of the incident complained of?
YES_ NO_
Please answer question 3.
3. Was there negligence on the part of plaintiff, John Doe, which was a legal cause of his damage?
YES_ NO_
If your answer to question 3 is YES, please answer question 4. If your answer to question 3 is NO, skip question 4 and answer question 5.
4. State the percentage of any negligence which was a legal cause of damage to plaintiff, John Doe, that you charge to:
Defendant, Rachel Rowe _%
Plaintiff, John Doe _%
Total must be 100%
Please answer question 5.
5. What is the total amount (100%) of any damages sustained by plaintiff, John Doe, and caused by the incident in question?
Total damages of plaintiff, John Doe $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, John Doe. If you find plaintiff, John Doe, negligent in any degree, the court, in entering judgment, will reduce Doe’s total amount of damages (100%) by the percentage of negligence which you find is chargeable to Doe.
SO SAY WE ALL, this_day of _, 19_.
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
MODEL CHARGE NO. 2
(automobile collision; driver’s comparative negligence — failure to wear seat belt; single claimant and defendant; no counterclaim)

Facts of the hypothetical case

Jane Doe was injured when the automobile she was driving collided with one driven by Richard Rowe. Doe sued Rowe. Rowe pleaded that Doe was comparatively negligent because she was not wearing a seat belt at the time of the collision. Questions of negligence, causation and damages are to be submitted to the jury.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
*5 The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light, of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[Conventional Charge on Claim 3.5b] The issues for your determination on the claim of Jane Doe against Richard Rowe are whether Rowe was negligent in the operation of the vehicle he was driving; and, if so, [3.6c] whether such negligence was a legal cause of loss, injury or damage sustained by Doe.
[3.7] If the greater weight of the evidence does not support the claim of Doe, then your verdict should be for Rowe.
[3.8] If, however, the greater weight of the evidence does support the claim of Doe, then you shall consider the defense raised by Rowe. On the defense, the issues for your determination are [3.8a] whether Doe was, herself, negligent; and, if so, whether such negligence was a contributing legal cause of the loss, injury or damage complained of.
[3.8 resumed] If the greater weight of the evidence does not support the defense of Rowe, and the greater weight of the evidence does support the claim of Doe, then your verdict should be for Doe in the total amount of her damages. However, if the greater weight of the evidence shows that both Doe and Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by Doe, you should determine and write on the verdict form what percentage of the total negligence of both parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire, evidence in the case.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[4.11] Section 316.614, Florida Statutes, provides that “[i]t is unlawful for any person ... [tjo operate a motor vehicle in this state unless the person is restrained by a safety belt.” Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together *6 with the other facts and circumstances, in determining whether such person was negligent.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[6.1c] If Your verdict is for Rowe, you will not consider the matter of damages. But if you find for Doe, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows she sustained as a result of the incident complained of, including any such damage as she is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.2g] Any damage to Doe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Doe sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
[6.9a] If the greater weight of the evidence shows that Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long she may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on Doe’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
[6.10] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Doe for these losses as they are actually experienced in future years.
[6.1c resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Doe. The court will enter a judgment based on your verdict and, if you find that Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to Doe.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty *7 by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of defendant, Richard Rowe, which was a legal cause of damage to plaintiff, Jane Doe?
YES_ NO_
If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of plaintiff, Jane Doe, which was a legal cause of her damage?
YES_ NO_:_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
3. State the percentage of any negligence which was a legal cause of damage to plaintiff, Jane Doe, that you charge to:
Defendant, Richard Rowe _%
Plaintiff, Jane Doe _%
Total must be 100%
Please answer question 4.
4.What is the total amount (100%) of any damages sustained by plaintiff, Jane Doe, and caused by the incident in question?
Total damages of plaintiff, Jane Doe $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, Jane Doe. If you find plaintiff, Jane Doe, negligent in any degree, the court, in entering judgment, will reduce Doe’s total amount of damages (100%) by the percentage of negligence which you find is chargeable to Doe.
SO SAY WE ALL, this_day of _:_, 19__
[[Image here]]
FOREMAN OR FOREWOMAN
NOTES ON USE
1. This-Model Charge illustrates the instruction to be given when it is alleged that a driver was comparatively negligent for not wearing a seat belt. Different factual situations may require that different portions of section 316.614, Florida Statutes, be read or paraphrased. See Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996).
2. For a model itemized .verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
MODEL CHARGE NO. 3
(automobile collision; comparative negligence; wrongful death damages)

Facts of the hypothetical case

Mary Smith, as personal representative of the estate of John Smith,1 deceased, has brought an action against Fast Transport Company for damages resulting from the instantaneous death of John Smith in a collision between his ear and a tractor trailer owned by Fast Transport Company and driven by Joe Johnson, Fast Transport’s employee. There is no issue as to Fast Transport’s responsibility for any negligence of its driver, Johnson. The liability question is to be sub *8 mitted to the jury in charges pertaining to negligence and causation. The question of John Smith’s negligence is to be submitted by a comparative negligence charge. The claims of the personal representative, as plaintiff, are for the estate and for the benefit of the widow and a daughter, Nancy, who is 15 years old.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light. of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[Conventional Charge on Claim 3.5b] The issues for your determination on the claim of Mary Smith against Fast Transport are whether Joe Johnson was negligent in the operation of the vehicle he was driving and, if so, [3.6b] whether such negligence was a legal cause of the death of decedent, John Smith.
[3.7] If the greater weight of the evidence does not support the claim of Mary Smith, then your verdict should be for Fast Transport.
[3.8] If, however, the greater weight of the evidence does support the claim of Mary Smith, then you shall consider the defense raised by Fast Transport. On the defense, the issues for your determination are [3.8a ] whether John Smith was, himself, negligent and, if so, whether such negligence was a contributing legal cause of his death.
If the greater weight of the evidence does not support the defense of Fast Transport, and the greater weight of the evidence does support the claim of Mary Smith, then your verdict should be for Mary, Smith, as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom the action is brought. However, if the greater weight of the evidence shows that both John Smith and Joe Johnson were negligent, and that the negligence of each contributed as a legal cause of the death of John Smith, you should determine and write on the verdict form what percentage of the total negligence of both parties, Smith and Johnson, is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing *9 force and effect of the entire evidence in the case.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[6.5c] If your verdict is for Fast Transport, you will not consider the matter of ■ damages. But if your verdict is for Mary Smith, as personal representative of the estate of John Smith, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows the estate of John Smith and his survivors sustained as a result of John Smith’s death, including any such damages that the estate and the survivors are reasonably certain to experience in the future. In determining the total amount of any damages sustained by John Smith’s estate, you shall consider the following elements:
[6.6b] The estate’s loss of net accumulations: “Net accumulations” is the part of the decedent’s net income from salary or business after taxes, including pension benefits, which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.
[6.6c] Funeral expenses due to the decedent’s death which have become a charge against the decedent’s estate.
[6.5c, resumed] In determining the total amount of any damages sustained by John Smith’s survivors, Mary Smith and Nancy Smith, you shall consider the following elements:
[6.6d] The survivor’s loss, by reason of the decedent’s injury and death, of the decedent’s support and services. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent, and the period of minority, ending at age 25, of a healthy minor child. In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to the decedent, the amount of the decedent’s probable net income available for distribution to the survivor and the replacement value of the decedent’s services to the survivor. “Support” includes contributions in kind, as well as sums of money. “Services” means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent’s death.
[6.5c, resumed] In determining the total amount of any damages sustained by the decedent’s surviving wife and child, you shall consider certain additional elements of damage for which there is no exact standard of measurement. Concerning the following elements, your determination should be fair and just in the light of the evidence:
[6.6f] The wife’s loss of the decedent’s companionship and protection, and her mental pain and suffering as a result of the decedent’s death. In determining the duration of such losses, you may consider the life expectancy of the surviving spouse, Mary Smith, together with the other evidence in the case.
*10 [6.6g] The loss by Nancy Smith of parental companionship, instruction and guidance, and her mental pain and suffering as a result of the decedent’s death. In determining the duration of such losses, you may consider the life expectancy of the surviving child, Nancy Smith, together with the other evidence in the case.
[6.7] Any damages that you find were sustained by the decedent’s estate and by each survivor shall be separately stated in your verdict.
[6.9b] In determining how long John Smith would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.
[6.9c] In determining the duration of any future loss sustained by Mary Smith and Nancy Smith by reason of the death of John Smith, you may consider the life expectancy of each. The mortality tables received in evidence may be considered, together with other evidence in the case bearing on the health, aye and physical condition of each, in determining how long each may be expected to live.
[6.10] Any amount of damages which you allow for lost net accumulations or for loss of the decedent's support and services in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith and Nancy Smith for these losses as they are actually experienced in future years.
[6.5c, resumed] In determining the total amount of any damages sustained by the decedent’s estate and his survivors as a result of his death, you should not make any reduction because of the negligence, if any, of John Smith. The court will enter a judgment based on your verdict and, if you find that John Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to John Smith.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of Joe Johnson, Fast Transit Company’s driver, which was a legal cause of the death of John Smith?
YES_ NO_
If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
*11 2. Was there negligence on the part of the decedent, John Smith, which was a legal cause of his death?
YES_ NO_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
3. State the percentage of any negligence, which was a legal cause of John Smith’s death, that you charge to:
Joe Johnson (Fast Transit
Company’s driver) _%
John Smith (decedent)-%
Total must be 100%
Please answer question’4.
4. What is the total amount (100%) of any damages sustained by the estate of John Smith, by Mary Smith, his wife, and by Nancy Smith, his daughter, caused by the incident in question?
Total damages of John Smith’s estate $-
Total damages of Mary Smith $--
Total damages of Nancy Smiths estate $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the decedent, John Smith. If you find that John Smith was to any extent negligent, the court, in entering judgment, will make an appropriate reduction in the damages awarded.
SO SAY WE ALL, this_day of -, 19 — .
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.2.
MODEL CHARGE NO. 4
(automobile collision; comparative negligence; claim and counterclaim)

Facts of the hypothetical case

Betty Jones and Rachel Rowe were both injured when their automobiles collided at an intersection. Jones sued Rowe, who denied the allegations of negligence, pleaded in defense that Jones was negligent and counterclaimed for her own damages. On the counterclaim, Jones denied that she was negligent and pleaded in defense that Rowe was negligent.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the *12 witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[Integrated charge on claim and counterclaim 3.5] The issues for your determination on the claim of Betty Jones against Rachel Rowe are whether Rowe was negligent in the operation of the vehicle she was driving and, if so, whether such negligence was a legal cause of loss, injury or damage sustained by Jones. If the greater weight of the evidence does not support the claim of Jones, then your verdict on that claim should be for Rowe.
Similarly, the issues for your determination on the claim of Rachel Rowe against Betty Jones are whether Jones was negligent in the operation of the vehicle she was driving and, if so, whether such negligence was a legal cause of loss, injury or damage sustained by Rowe. If the greater weight of the evidence does not support the claim of Rowe, then your verdict on that claim should be for Jones.
If the greater weight of the evidence supports the claim of Betty Jones, and shows that the negligence of Rachel Rowe was a legal cause of loss, injury or damage sustained by Jones, but does not support the claim of Rowe, your verdict should be for Jones in the total amount of her damages.
Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury or damage sustained by Rowe, but does not support the claim of Jones, your verdict should be for Rowe in the total amount of her damages.
If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by each, you should determine what percentage of the total negligence of both parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[6.1c] If your verdict is for Rachel Rowe on the claim of Betty Jones, you will not consider the matter of Jones’ damages. Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rowe’s damages. But if your verdict is for either claimant, *13 or for both, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows the claimant sustained as a result of the incident complained of, including any such damage as she is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.2g] Any damage to the claimant’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss the claimant sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
[6.9a] If the greater weight of the evidence shows that the claimant has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on the claimant’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
[6.10] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate the claimant for these losses as they are actually experienced in future years.
[6.1c resumed] In determining the total amount of damages sustained by either Betty Jones or Rachel Rowe, you should not make any reduction because of her negligence, if any. The court will enter a judgment based on your verdict and, if you find that either Jones or Rowe, or both of them, were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages each sustained by the percentage of negligence which you find is chargeable to her.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

*14
Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of Rachel Rowe which was a legal cause of damage to Betty Jones?
YES_ NO_
2. Was there negligence on the part of Betty Jones which was a legal cause of damage to Rachel Rowe?
YES_ NO_
If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.
3. State the percentage of any negligence that you charge to:
Rachel Rowe_%
Betty Jones _%
Total must be 100%
Your answers to question 3 must total 100%, and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.
4. What is the total amount of damages sustained by Betty Jones and caused by the incident in question?
Total damages of Betty Jones $_
5. What is the total amount of damages sustained by Rachel Rowe and caused by the incident in question?
Total damages of Rachel Rowe $_
In determining the total amount of a party’s damages, do not make any reduction because of her negligence, if any. If you find that party negligent in any degree, the court, in entering judgment, will reduce her total amount of damages (100%) by the percentage of negligence which you find is chargeable to her.
SO SAY WE ALL, this_day of _, 19_.
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
MODEL CHARGE NO. 5
(injury in 3-car collision; settlement with injured party by one tortfeasor; independent contribution claim by him against others; reasonableness of settlement as well as liability contested)

Facts of the hypothetical case

John Adams, driver of one of three vehicles involved in a collision, presented a claim for his injuries to Marvel Transport Co., owner of one of the other vehicles. Marvel, taking into consideration Adams’ injuries, his comparative negligence and its potential exposure, paid Adams $75,000.00 and obtained a general release of all responsible persons. Marvel then sued the owner of the other vehicle, Perishable Produce, Inc., for contribution. The issues to be resolved by the jury are whether Perishable’s driver was negligent in contributing to Adams’ injuries, whether the amount paid by Marvel was reasonable or unreasonably high and, if Perishable’s driver was negligent, the relative degrees of responsibility of Marvel and Perishable.

The court’s charge

[MI 1.2] Marvel Transport Co. seeks to recover from Perishable Produce, Inc., part of the sum of $75,000.00 which Marvel paid John Adams to satisfy the claim of Adams resulting from his injury in the collision mentioned in the evidence before you. The issues for your determination are whether Tom Jones, the employee of Perishable, was negligent in his operation of Perishable’s truck which was involved in the collision and, if so, whether such negligence was a legal cause of injury or damage to Adams.
*15 [4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[MI 1.2 resumed] If the greater weight of the evidence does not support the claim of Marvel against Perishable, your verdict should be for Perishable. However, if the greater weight of the evidence does support the claim of Marvel, your verdict should be for Marvel, and you should determine by your verdict what percentage of the total negligence of both parties to this action, Marvel and Perishable, is chargeable to each.
If you find for Marvel, you should also determine by your verdict whether the amount of money paid by Marvel to Adams in settlement was reasonable under all of the circumstances shown by the evidence. If the greater weight of the evidence proves that the amount of money paid by Marvel to Adams in settlement did not exceed a reasonable amount under all of the circumstances, you should so find by your verdict. However, if the amount of money paid by Marvel to Adams exceeded a reasonable amount, you should determine the amount which would have been reasonable under all of the circumstances for Marvel to pay to Adams in settlement. The court will then determine the amount of Marvel’s recovery against Perishable.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of Tom Jones, the driver of the truck owned by defendant, Perishable Produce, Inc., which was a legal cause of damage to John Adams?
YES_ NO_
If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. State the percentage of any negligence, which was a legal cause of damage to John Adams, that you charge to:
Tom Jones (Perishable Produce,
Inc.’s driver) _%
*16 Frank Foot (Marvel Transport
Company’s driver) -%
Total must be 100%
Please answer question 3.
3. Did Marvel’s payment of $75,000.00 to Adams exceed a reasonable settlement under all of the circumstances?
YES_ NO_
If your answer to question 3 is NO, do not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.
4. What would have been a reasonable settlement, under all of the circumstances, for Marvel to pay Adams?
$-
SO SAY WE ALL, this_day of -, 19—
[[Image here]]
FOREMAN OR FOREWOMAN
MODEL CHARGE NO. 6
(claimant suing three alleged joint tortfea-sors; comparative negligence in issue; contribution shares to be determined in action)

Facts of the hypothetical case

Mary Smith was injured while driving her car, which was involved in a 4-car pile-up. She filed suit against the owner/drivers of the other vehicles — Ron Rowe, Sally Jones and Tom Torpor — alleging that their combined negligence caused the pile-up and her injuries. All defendants have asserted that the negligence of Smith contributed to her injuries. The defendants filed cross-claims raising the issue of contribution. The court has determined that a single verdict can conveniently determine the contribution shares of the defendants found to be liable to Smith.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[Conventional charge on claim 3.5c] The issues for your determination on the claim of Mary Smith against Ron Rowe, Sally Jones and Tom Torpor are whether any or all of those defendants were negligent in *17 the operation of the vehicles they were driving; and, if so, [3.6c] whether such negligence was a legal cause of loss, injury or damage sustained by Smith.
[3.7] If the greater weight of the evidence does not support the claim of Mary Smith against a particular defendant, then your verdict should be for that defendant.
[3.8] If, however, the greater weight of the evidence does support the claim of Smith, then you shall consider the defense raised by the defendants. On the defense, the issues for your determination are [3.8a] whether Smith was, herself, negligent; and, if so, whether such negligence was a contributing legal cause of the loss, injury or damage complained of.
[3.8 resumed] If the greater weight of the evidence does not support the defense of defendants, and the greater weight of the evidence does support the claim of Smith against one or more of the defendants, then you should determine and write on the verdict form what percentage of the total negligence of all defendants is chargeable to each. If, however, the greater weight of the evidence shows that both Smith and one or more of the defendants were negligent, and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by Smith, you should determine and write on the verdict form what percentage of the total negligence of all parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such loss, injury or damage.
[6.1c] If your verdict is for defendants, you will not consider the matter of damages. But, if you find for Smith, you should determine and write on the verdict form, in dollars, the total amount of the loss, injury or damage which the greater weight of the evidence shows she sustained as a result of the incident complained of, including any such damage as Smith is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained by Smith and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Smith in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.9a] If the greater weight of the evidence shows that Smith has been permanently injured, you may consider her life *18 expectancy. The mortality tables received in evidence may be considered in determining how long Smith may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on Smith’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
[6.10] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Smith for these losses as they are actually experienced in future years.
[6.1c, resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Smith. The court will enter a judgment based on your verdict and, if you find that Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to Smith.
[6.11a] Even if you determine that more than one defendant were negligent, you should determine Smith’s damages in a single total amount, and write that amount, in dollars, on the verdict form.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of any of the defendants which was a legal cause of damage to plaintiff, Mary Smith?
Ron Rowe YES_ NO_
Sally Jones YES_ NO_
Tom Torpor YES_ NO_
If your answer to question 1 is NO as to all defendants, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES as to any of the defendants, please answer question 2.
2. Was there negligence on the part of plaintiff, Mary Smith, which was a legal cause of her damage?
YES_ NO__
Please answer question 3.
3. State the percentage of any negligence, which was a legal cause of damage to plaintiff, Mary Smith, that you charge to:
Ron Rowe _%
Sally Jones _%
Tom Torpor _%
Mary Smith _%
Total must be 100%
Your answers to question 3 must total 100%, and should include a zero for any person you found not negligent in answer to questions 1 and 2. Please answer question 4.
4.What is the total amount of any damages sustained by plaintiff, Mary *19 Smith, and caused by the incident in question?
Total damages of plaintiff, Mary Smith $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, Mary Smith. If you find plaintiff, Mary Smith, negligent in any degree, the court, in entering judgment, will reduce Smith’s total amount of damages (100%) by the percentage of negligence which you find is chargeable to Smith.
SO SAY WE ALL, this_day of -, 19 — .
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
MODEL CHARGE NO. 7
(product liability case; negligence and implied and express warranty claims; comparative negligence as defense)

Facts of the hypothetical case

John Smith’s lawn had many pebbles in it, and he asked Ms. Best of Best Hardware Store, Inc., whether the Best model E power mower, featured in Best’s sale of discontinued items, was suitable for cutting such a lawn. Best manufactured and sold such mowers directly to the public. Ms. Best replied that the Best model E had a guard which deflected material out and down, instead of sideways, so that it could safely be used in those circumstances. At the time of the sale, Ms. Best could not find an owner’s manual for the mower, but she promised to send one to Smith. The manual contained an express warning against mowing over loose impediments, such as gravel, stones and small rocks. Smith bought the mower, and mowed his lawn that same day. He observed a few rocks being propelled ten to twenty feet forward from the mower, but continued to mow. A large rock was propelled sideways, bouncing off of a nearby wall and into Smith’s eye. Smith sued Best Hardware for negligence, breach of an express warranty and breach of an implied warranty of fitness for a particular purpose. Best denied those allegations and pleaded Smith’s comparative negligence. Those issues are to be submitted to the jury.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
*20 [2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[2.4] In your deliberations, you are to consider three distinct claims. Plaintiff, John Smith, alleges, first, that defendant, Best Hardware, was negligent in the transaction about which you have heard evidence; second, that Best breached an express warranty made in selling the lawn mower in question; and, third, that Best breached an implied warranty that the mower was fit for a particular purpose. Best denies all claims and, further, alleges, as a defense to all claims, that Smith was, himself, negligent in the operation of the lawn mower. Although all of Smith’s claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.
[Conventional charge on claim 3.5] The issues for your determination on the negligence claim of plaintiff Smith against defendant Best Hardware are whether Best was negligent in failing to warn Smith of a known danger in the operation of the lawn mower sold to Smith by Best and, if so, [3.6c] whether such negligence was a legal cause of injury or damage sustained by Smith.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[3.7] If the greater weight of the evidence does not support the negligence claim of Smith, then your verdict on that claim should be for Best Hardware.
[PL] The issues for your determination on the breach of warranty claims of plaintiff, Smith, against defendant, Best Hardware, are whether the lawn mower sold by Best was defective when it left the possession of Best and, if so, whether such defect was a legal cause of injury or damage sustained by Smith. The product is defective [PL 1] if it does not conform to representations of fact made by Best, orally or in writing, in connection with the sale, on which Smith relied in the purchase and use of the product. Such a representation must be one of fact, rather than opinion. The product is also defective [PL 3] if it is not reasonably fit for the specific purpose for which Best knowingly sold the product and for which Smith bought the product in reliance on the judgment of Best.
[PL resumed] If the greater weight of the evidence does not support either of the breach of warranty claims of Smith, your verdict on those claims should be for Best Hardware.
[3.8 and PL combined] However, if the greater weight of the evidence does support any one of Smith’s claims, then you shall consider the defense raised by Best Hardware. On the defense, the issues for your determination are [3.8a modified] whether Smith was, himself, negligent in his operation or use of the lawn mower and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.
[3.8 modified] If the greater weight of the evidence does not support the defense of Best Hardware, and the greater weight of the evidence does support one or more of the claims of Smith, then your verdict should be for Smith in the total amount of his damages. If, however, the greater weight of the evidence shows either that Best Hardware was negligent or that the lawn mower was defective in the manner I *21 have described, and shows also that Smith was negligent, and that the negligence of Best, or the defect, and the negligence of Smith each contributed as a legal cause of injury or damage sustained by Smith, you should determine and write on the verdict form what percentage of the total fault of both parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[5.1a and 5.2a combined] Negligence or a defect in a product is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence or defect, the loss, injury or damage would not have occurred.
[5.1b and 5.2b combined] In order to be regarded as a legal cause of loss, injury or damage, negligence or a defect in a product need not be the only cause. Negligence or a defect may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, or at the same time the defect has its effect, and if the negligence or defect contributes substantially to producing such loss, injury or damage.
[6.1c] If your verdict is for Best Hardware on all of Smith’s claims, you will not consider the matter of damages. But, if you find for Smith on any of his claims, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows he sustained as a result of the incident complained of, including any such damage as Smith is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained by Smith and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Smith in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.9a] If the greater weight of the evidence shows that Smith has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Smith may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on Smith’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[6.10] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value should be stated in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Smith for these losses as they are actually experienced in future years.
[6.1c, resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Smith. The court will enter a judgment based on your verdict and, if you find that Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to Smith.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In *22 reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I sháll now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of defendant, Best Hardware Store, Inc., which was a legal cause of damage to plaintiff, John Smith?
YES_ NO_
2. Was the lawn mower defective when sold and, if so, was the defect a legal cause of damage to plaintiff, John Smith?
YES_ NO_
If your answers to questions 1 and 2 are both NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or question 2 is YES, please answer question 3.
3. Was there negligence on the part of plaintiff, John Smith, which was a legal cause of his damage?
YES_ NO_
If your answer to question 3 is YES, please answer question 4. If your answer to question 3 is NO, skip question 4 and answer question 5.
4. State the percentage of any fault, which was a legal cause of damage to plaintiff, John Smith, that you charge to:
Defendant, Best Hardware
Store _%
Plaintiff, John Smith _%
Total must be 100%
Please answer question 5.
5. What is the total amount (100%) of any damages sustained by plaintiff, John Smith, and caused by the incident in question?
Total damages of plaintiff, John Smith $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, John Smith. If you find plaintiff, John Smith, negligent in any degree, the court, in entering judgment, will reduce Smith’s total amount of damages (100%) by the percentage of negligence which you find is chargeable to Smith.
SO SAY WE ALL, this_day of _, 19_.
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
MODEL CHARGE NO. 8
(product liability case; negligence and strict liability claims; comparative negligence defense)

Facts of the hypothetical case

John Smith was injured when he was struck by a new hay baler being driven by Dilbert Driver on the highway near Driver’s farm. The hay baler suddenly swerved across the road into the path of Smith, who was approaching in the opposite direction. At the time, Smith was watching a group of deer in a field near the road, and failed to observe the hay baler in time to avoid the collision with his vehicle. An examination of *23 the hay baler revealed that part of the steering mechanism was designed in such a way that it could not sustain the speed of highway driving. The mechanism had broken, making it impossible for Driver to steer the baler. There was evidence that a person could have observed the weakened condition of the steering mechanism had he or she examined it before driving the hay baler. Smith sued Driver, alleging that his operation of the hay baler had been negligent. Smith also sued the manufacturer of the hay baler, Mishap Manufacturing Co., and the retailer seller, Sharp Sales Co., alleging that the hay baler had been defectively built and that both had been negligent in their inspections of the hay baler. He sought recovery against both the manufacturer and the retailer on claims of (1) negligence and (2) strict liability. The defendants denied liability, and affirmatively alleged that Smith had been comparatively negligent. All issues are to be submitted to the jury.

The court’s charge

[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for your determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that may be admitted or agreed to by the parties.
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case, but you should not speculate on any matters outside the evidence.
[2.2a] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[2.2b] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness; the reasons given by the witness for the opinion expressed; and all the other evidence in the case.
[2.4] In your deliberations, you are to consider several distinct claims. Plaintiff, John Smith, alleges, fírst, that defendant Dilbert Driver was negligent in operating the hay baler in the circumstances shown by the evidence, and that such negligence was a legal cause of injury to Smith. Smith also alleges that the defendants Mishap Manufacturing Company, the manufacturer, and Sharp Sales Company, the retail seller, were negligent — Mishap in designing, manufacturing and inspecting the baler, and Sharp in inspecting it before sale. Finally, Smith also alleges that, regardless of whether they were negligent or not, Mishap and Sharp should be held strictly liable for his damages because they placed the hay baler on the market in a defective condition, unreasonably dangerous to the user. All three defendants deny these claims and assert, as a defense, that Smith was, himself, negligent in the operation of his vehicle. Although Smith’s claims have been tried together, each is sepárate from the others, and each party is entitled to have you separately consider each claim as it affects *24 that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.
[Conventional charge on claim 3.5] The issues for your determination on the negligence claims of. plaintiff Smith against defendants are whether defendant Driver was negligent in operating the hay baler at the time and place in question, whether defendant Mishap was negligent in designing, manufacturing or inspecting the hay baler, thereby placing it on the market in a defective condition, and whether defendant Sharp was negligent in inspecting the hay baler before sale; and, if so, [3.6c] whether such negligence was a legal cause of loss, injury or damage sustained by Smith.
[4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[3.7] If the greater weight of the evidence does not support the negligence claim of plaintiff Smith against defendant Driver, or defendant Mishap, or defendant Sharp, then your verdict on that claim should be for that defendant.
[PL] The issues for your determination on the strict liability claims of plaintiff Smith against defendants Mishap and Sharp are whether the hay baler sold by the defendant was defective when it left the possession of the defendant and, if so, whether such defect was a legal cause of loss, injury or damage sustained by Smith. A product is defective [PL 4] if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.
[PL resumed] If the greater weight of the evidence does not support the strict liability claim of plaintiff Smith against Mishap, the manufacturer, or against Sharp, the retail seller, then your verdict on that claim should be for that defendant.
[3.8 and PL combined] However, if the greater weight of the evidence does support plaintiff Smith’s negligence claim against any defendant or his strict liability claim against defendant Mishap or defendant Sharp, then you shall consider the defense raised by that defendant. On the defense, the issues for your determination are [3.8a] whether Smith was, himself, negligent in the operation of his vehicle, and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.
[3.8 modified] If the greater weight of the evidence does not support the defense of defendants, and the greater weight of the evidence does support one or more of the claims of Smith, then your verdict should be for Smith in the total amount of his damages. If, however, the greater weight of the evidence shows that one or more of the defendants were negligent or that the hay baler was defective when sold by defendant Mishap or by defendant Sharp, and the evidence shows also that Smith was neyligent, you should determine and write on the verdict form what percentage of the total fault of all parties to this action is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[5.1a and 5.2a combined] Negligence or a defect in a product is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence or defect, the loss, injury or damage would not have occurred.
[5.1b and 5.2b combined] In order to be regarded as a legal cause of loss, injury or *25 damage, negligence or a defect in a product need not be the only cause. Negligence or a defect may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, or at the same time the defect has its effect, and if the negligence or defect contributes substantially to producing such loss, injury or damage.
[6.1c] If your verdict is for all defendants on all of plaintiff Smith’s claims, you will not consider the matter of damages. But, if you find for Smith on any of his claims against any defendant, you should determine and write on the verdict form, in dollars, the total amount of loss or damage which the greater weight of the evidence showed Smith sustained as a result of the incident complained of, including any such damage as Smith is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained by Smith and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[6.2c] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Smith in the past, or to be so obtained in the future.
[6.2d] Any earnings lost in the past, and any loss of ability to earn money in the future.
[6.9a] If the greater weight of the evidence shows that Smith has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Smith may be expected to live. Such tables are not binding on you, but may be considered together with other evidence in the case bearing on Smith’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[6.10] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Smith for these losses as they are actually experienced in future years.
[6.1c, resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Smith. The court will enter a judgment based on your verdict and, if you find that Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find is chargeable to Smith.
[7.1] Your verdict must be based on the evidence that has been received, and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman, to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a verdict form, which I shall now read and explain to you.

(Court reads and explains verdict form)

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign it. You may now retire to consider your verdict.

*26
Special Verdict Form,

VERDICT
We, the jury, return the following verdict:
la. Did defendant Mishap Manufacturing Co. place the hay baler on the market with a defect which was a legal cause of damage to plaintiff, John Smith?
YES_ NO_
lb. Was there negligence on the part of defendant Mishap Manufacturing Co. which was a legal cause óf damage to plaintiff, John Smith?
. YES_:_ NO_
2a. Did defendant Sharp Sales Co. place the hay baler on the market with a defect which was a legal cause of damage to plaintiff, John Smith?
YES_ NO_
2b. Was there negligence on the part of defendant Sharp Sales Co. which was a legal cause of damage to plaintiff, John Smith?
YES_ NO_
3. Was there negligence on the part of defendant Dilbert Driver which was a legal cause of damage to plaintiff, John Smith?
YES_ NO_
If your answers to this point are all NO, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to any of the preceding questions is YES, please answer question 4.
4. Was there negligence on the part of plaintiff, John Smith, which was a legal cause of his damage?
YES_ NO_
Please answer question 5.
5. State the percentage of any responsibility for plaintiff Smith’s damages that you charge to:
Defendant Mishap Manufacturing Co.(fill in only if you answered YES to question la, question lb, or both) _%
Defendant Sharp Sales Co. (fill in only if you answered YES to question 2a, question 2b, or both)_%
Defendant Dilbert Driver (fill in only if you answered YES to question 3) _%
Plaintiff, John Smith (fill in only if you answered YES to question 4) _%
TOTAL RESPONSIBILITY OF ALL PARTIES MUST BE 100%
Please answer question 6.
6.What is the total amount (100%) of any damages sustained by plaintiff, John Smith, and caused by the incident in question?
Total damages of plaintiff, John Smith $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, John Smith. If you find plaintiff, John Smith, negligent in any degree, the court, in entering judgment, will reduce Smith’s total amount of damages (100%) by the percentage of negligence which you find is chargeable to Smith.
SO SAY WE ALL, this_day of -,19—
[[Image here]]
FOREMAN OR FOREWOMAN
NOTE ON USE
For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Form 8.1.
COMMENT ON MODEL CHARGE NO. 7
The Committee purposefully omitted from this hypothetical case, and from Model Charge No. 7, any possible claim by John Smith against the retailer or manufacturer based upon an implied warranty theory. Whether or not Smith was in privity with either defendant, see § 672.318, Fla. Stat. (1996), and regardless of any implied warranty claim that may have existed notwithstanding the strict liability claim, see Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 n. 4 *27 (Fla.1988), the claims in this hypothetical case included no claim of implied warranty.